**FILED**
November 08, 2024 04:11 PM
SX-2024-CV-00347
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

CAROLINE FAWKES, in her representative
Capacity as Supervisor of Elections,

        Plaintiff,

Vs.

U.S. VIRGIN ISLANDS BOARD OF
ELECTIONS; and KAREEM T. FRANCIS, LISA
HARRIS-MOOHEAD; SHAKIMA H. JONES-
SPRAUVE; EPIPHANE JOSEPH; ANGELI
LEERDAM; HARRIET MERCER; LILLIANA
O'NEAL; ATANYA SPRINGETTE; RAYMOND
J. WILLIAMS, each in their representative
capacity as a member of the Boards of election,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

SX-2024-CV-00347

ACTION FOR TEMPORARY
RESTRAINING ORDER,
PRELIMINARY INJUNCTION;
PERMANENT INJUNCTION;
AND DECLARATORY RELIEF

<u>2024 V.I. Super 49</u>

## MEMORANDUM OPINION AND ORDER

¶1 **BEFORE THE COURT** is the Defendants'[1] Motion to Dismiss Plaintiff, Caroline Fawkes', Complaint on grounds that she lacks legal capacity to maintain this action in her capacity as the Supervisor of Elections. Fawkes contends that she can maintain this action in her official capacity against the Board of Elections because there is a dispute regarding the exclusive power of the Supervisor of Election (also referred to herein as "Supervisor") to qualify a nominee or candidate under 18 V.I.C. §411. She further requests that, should the Court find that she lacks legal capacity as the Supervisor of Elections, she be permitted to proceed in her individual capacity as a private taxpayer.

¶2 Upon consideration of the arguments of the Parties, the Court finds that Fawkes cannot sue in her representative capacity. As an employee of the Government of the Virgin Islands (also

---

[1] Defendants U.S. Virgin Islands Board of Elections (referred to herein as "Board" and "Board of Elections"), and Kareem T. Francis, Lisa Harris-Moorhead, Shakima H. Jones-Sprauve, Epiphane Joseph, Angeli Leerdam, Harriet Mercer, Liliana O'Neal, Atanya Springette, and Raymond J. Williams, each in their representative capacity as a member of the Board of Elections, are referred to herein jointly as "Defendants".

*Caroline Fawkes, in her representative capacity as Supervisor of Elections v.*
*U.S. Virgin Islands Boards of election, et al.*
Case No.: SX-2024-CV-00347
Page 2

2024 VI Super 49

referred to as "Government") in the executive branch, she has no authority to independently sue, without explicit statutory to do so, except under the enforcement authority of the Attorney General of the Virgin Islands. The Court also denies Fawkes's motion that she be permitted to continue this action as a taxpayer because she cannot show that she has suffered an injury of some substantial right.

## BACKGROUND

¶3    On June 11, 2024, Fawkes, acting as the Supervisor of Elections, disqualified Ida Smith ("Smith") for the position of Delegate to the U.S. House of Representatives pursuant to 18 V.I.C. §411. Fawkes gave Smith written notice of her disqualification and the opportunity to appeal it to the Board of Election or the district court. On September 4, 2024, the Board voted to qualify Ida Smith and added her to the ballot. Three days after early voting started, Fawkes filed her action on October 17, 2024.

¶4    Fawkes' Verified Complaint alleges that as the Supervisor of Elections, she acted within her exclusive authority to disqualify Smith, and that the Board of Elections improperly overturned her decision by adding Smith to the ballot after she had been disqualified. At a November 4, 2024, hearing, Fawkes argued that the Board acted pursuant to an Opinion of the Attorney General[2] when it reversed her disqualification decision and directed that Smith be added to the ballot.

---

[2] Neither party filed a copy of the Attorney General's Opinion.

*Caroline Fawkes, in her representative capacity as Supervisor of Elections v.*
*U.S. Virgin Islands Boards of election, et al.*                    2024 VI Super 49
Case No.: SX-2024-CV-00347
Page 3

## DISCUSSION

¶5      Distinct from legal "standing,"[3] legal "capacity" refers to the "capability and power under

the law" of a person to engage in and maintain a suit.[4] In this case, the Court addresses Fawkes'

capacity as a representative of the Government to bring suit on behalf of the Government and her

standing as an individual taxpayer.

### A. <u>The Supervisor of Elections Does Not Have the Legal Capacity to Maintain this Action in Her Representative Capacity against the Election Board members.</u>

¶6      The Joint Board of Elections sets the policies and, with the advice of the Supervisor of

Elections, establishes rules and regulations to govern the administration of elections in the Virgin

Islands. *18 V.I.C. §§ 41(a) & 48* (2024). The Supervisor of Elections also exercises her general and

distinct powers and performs all duties vested in her by Title 18 of the Virgin Islands Code, "subject

to the direction, control and supervision of the boards of elections." *See, 18 V.I.C. §41* (2024).

¶7      The Board of Election and the Supervisor of Elections operate within the executive branch

of the Virgin Islands Government and their official conduct is attributable to the Government. It is

well-settled that suing government officials in their official capacity is a suit against the

government entity. *AAC-Air Ambulance Caribbean, Inc. v. Cigna Health and Life Ins. Company*,

No. ST-2023-CV-00267, 2024 WL 1193571, *6 (V.I. Super. March 19, 2024). It follows that a

suit brought by a government official in his or her representative capacity to the government entity

---

[3] "Standing" is defined as "a party's right to make a legal claim or seek judicial enforcement of a duty or right." BLACKS LAW DICTIONARY 9th Ed.
[4] Mirriam-Webster Dictionary defines "legal capacity" as "the capability and power under law of a person to occupy a particular status or relationship with another or to engage in a particular undertaking or transaction." Mirriam-Webster Dictionary (Nov. 8, 2024, 4:01 PM) https://www.merriam-webster.com.

*Caroline Fawkes, in her representative capacity as Supervisor of Elections v.*
*U.S. Virgin Islands Boards of election, et al.*                2024 VI Super 49
Case No.: SX-2024-CV-00347
Page 4

is a suit brought by the government entity. As such, a lawsuit by the Supervisor of Elections against the Board, both in their official capacities, is a suit by the Government against the Government.

¶8      Lawsuits where the government is a party are properly handled within the scope of the Attorney General's authority. The Attorney General of the Virgin Islands "appears for and represents the executive branch of the Government of the Virgin Islands before the courts in all civil proceedings in which the said Government or any executive department, board, commission agency, instrumentality or officer thereof is interested." *3 V.I.C. §114(1).* Moreover, the Attorney General prosecutes all matters on behalf of the executive branch and its' boards, instrumentality, or officers thereof concerning all their duties and functions in the government. *3 V.I.C. § 114 (6)* (2024).

¶9      The Attorney General also gives "legal advice to the executive agencies, boards, and officers of the government concerning any matter arising in connection with the exercise of their official powers and duties." *3 V.I.C. § 114(7)* (2024). The opinions of the Attorney General carry weight within the Government in guiding its' affairs.[5] In this case, where the Supervisor and the Board cannot agree on what the law requires, the Legislature provided a solution: the issue must go to the Attorney General, who by law is the Counsel and enforcement officer of the Government of the Virgin Islands.

---

[5] "Under Virgin Islands law, legal advice rendered by the Office of the Attorney General are advisory in nature and are not binding on an agency. *See* 3 V.I.C. § 114(7). However, "[Attorney General opinions] are entitled to great weight, and in the absence of controlling authority, opinions of the attorney general are persuasive." 7 Am.Jur.2d Attorney General § 10 (May 2009)." *Bryan v. Fawkes*, 62 V.I. 19, 37 (Super. Ct. 2014).

*Caroline Fawkes, in her representative capacity as Supervisor of Elections v.*
*U.S. Virgin Islands Boards of election, et al.*                                    2024 VI Super 49
Case No.: SX-2024-CV-00347
Page 5

¶10     There is also no statutory provision for an employee of an agency of the Government to seek the Court's direct involvement in resolving the operational and functional disputes with their supervisors, except by Writ of Review of an administrative hearing. *See*, *5 V.I.C. §1421*. In the former scenario, the Court's review is limited to the administrative record. Therefore, as an employee of the government, the Supervisor could not sue to challenge the Board's decision that was directed by the Attorney General's Opinion. Instead, the remedy is to seek clarification or reversal from the Attorney General or as an aggrieved party file for Writ of Review. Here, Fawkes could have sought a clarifying opinion or requested reconsideration of the Attorney General's decision. Ultimately, even if Fawkes disagrees with the Attorney General's Opinion upon which the Board relied on to overturn her disqualification of Smith, as an employee of the government, she must follow the decision of the Attorney General until or unless some higher authority reverses. The Attorney General advises the executive branch and vindicates the Government's rights on a discretionary basis. Fawkes cannot then circumvent the Attorney General's role of representing the Government by bringing action independently in her representative capacity.

¶11     Moreover, nowhere in the election statute is there a right in the Supervisor of Elections or the Board, singly or through the Joint Boards, to sue or be sued. 18 V.I.C. § 41, *et. seq*. While the Legislature clearly conferred upon Fawkes certain powers, there is no indication that the Legislature intended that the Supervisor of Elections shall have the independent power to sue.

¶12     Given that neither the Board of Election nor the Supervisor of Elections has an identity separate from the government or the capability to sue or be sued, the Court may not even have subject-matter jurisdiction over the claims raised in the Complaint. See, *AAC-Air Ambulance Caribbean, Inc. v. Cigna Health & Life Ins. Co.*, 2024 VI SUPER 14U, ¶ 26 (V.I. Super. Mar. 19,

*Caroline Fawkes, in her representative capacity as Supervisor of Elections v.*
*U.S. Virgin Islands Boards of election, et al.*          2024 VI Super 49
Case No.: SX-2024-CV-00347
Page 6

2024) (stating "Given that it is well established that suing government agents in their official capacity constitutes a suite against the respective government division those agents represent, and the GESC has no identity separate from the government or the capability to sue or be sued, then the Court has no subject-matter jurisdiction over GESC and its respective Board Members.") Hence, the authority to address these disputes must reside with the Attorney General and the Supervisor of Election lacks the capacity to maintain an independent action.

### B. Fawkes Does Not Have Standing to Maintain this Action as a Private Taxpayer.

¶13      Fawkes requests that, if the Court finds that she does not have the legal capacity to maintain this action as the Supervisor of Elections, the Court permits her to sue the Board as a private taxpayer under 5 V.I.C. §80. To do so, the Court would have to find that Fawkes has taxpayers standing.

¶14      To find standing, the Court must determine that Fawkes sustained "an injury of some substantial right" as a result of the decision or determination of the Board of Election. *See, 5 V.I.C. 1421-22. See also, V.I. Gov't Hosp. & Health Facilities Corp. v Gov't of the V.I.*, 47 V.I. 430, 438-39 (V.I. Super. 2006). Here, Fawkes, as a taxpayer, has not articulated an injury by the Board qualifying Smith and having her added to the Ballot. The Board's action did not deprive Fawkes of a constitutional or statutory right as an electorate. The conduct before the Court is that of an executive branch employee and its board members carrying out the business of the Government concerning the election system of the Virgin Islands. Moreover, Whether Fawkes' disqualification decision was proper or whether the Board's decision was within the law is statutorily left to the legal advisement of the Attorney General within its power "to supervise and direct the legal business of every executive department, board, commission, agency instrumentality, and officer of

*Caroline Fawkes, in her representative capacity as Supervisor of Elections v.*
*U.S. Virgin Islands Boards of election, et al.*                                    2024 VI Super 49
Case No.: SX-2024-CV-00347
Page 7

the government." *3 V.I.C. §114(7)*. Absent standing as a private taxpayer, Fawkes cannot maintain this action.

### C. The Supervisor of Elections is not Authorized to Retain Private Counsel to Represent her in her official capacity without the authority of the Board.

¶15    The Virgin Islands Legislature found it appropriate not to limit the Board of Election to the counsel and representation of the Attorney General. As the governing entity over elections in the Virgin Islands, the Board of Election has been given the discretion to request that the Attorney General serve as its counsel or retain independent counsel. *18 V.I.C. §51* (2024). Section 51 also provides that "[t]he Counsel shall advise each board, from time to time, regarding its powers and duties, and the rights of candidates and electors, and concerning the best methods of legal procedure for carrying out the various provisions of this title." *18 V.I.C.§51*. The counsel shall appear for and represent each board and its members in their official capacities on all appeals taken from its decisions or orders to the Superior Court. *Id.*

¶16    There is no comparable statutory provision giving the Supervisor of Election similar authority and discretion independent of the Board's authority; and the Court will find no such right in the Supervisor of Elections. The Supervisor's recourse as an officer in the Government is to seek the advice of the Attorney General in instances where she determines there may be a conflict between the Board of Election's authority and hers. Even the Legislature's grant of specific responsibilities to the Supervisor of Elections, such as those contained in 18 V.I.C. §411, does not alter the Attorney General's authority to bring an action on behalf of the executive branch. The Attorney General, as the enforcement authority of the Government, is statutory bound to advise on the laws affecting the executive agencies, and take action, when deemed necessary, to enforce the

*Caroline Fawkes, in her representative capacity as Supervisor of Elections v.*
*U.S. Virgin Islands Boards of election, et al.*
Case No.: SX-2024-CV-00347
Page 8

2024 VI Super 49

statutory authority of the Office of the Supervisor of Elections in the courts. See, *Moses v. Fawkes*, 66 V.I. 454, 470-471 (V.I. 2017).

¶17    Fawkes, as the Supervisor of Elections, not only has no independent authority to commence an action outside of the enforcement authority of the Attorney General but she has no statutory authority to retain private counsel. That authority is reserved to the Board of Election. *See, 18 V.I.C. §51* (2024). Hence, her retention of private counsel could only have been made in her private capacity if she were to have standing as a private taxpayer. Because this case is maintained by Fawkes in her presentative capacity, private counsel's appearance in this matter on behalf of the Supervisor of Elections must be stricken.

Accordingly, it is hereby

**ORDERED** that the Defendant's Motion to Dismiss is **GRANTED** and Fawkes' Verified Complaint is **DISMISSED.**

**DONE AND SO ORDERED this _9_ day of November 2024.**

HON. YVETTE ROSS-EDWARDS
Judge of the Superior Court

**ATTEST:**

TAMARA CHARLES
Clerk of the Court
By: _____
Deputy
Date: 11 / 12 /24



**FILED**
November 12, 2024 04:15 PM
SX-2024-CV-00347
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
District of St. Croix

| | |
|---|---|
| **Caroline Fawkes,** | Case Number: **SX-2024-CV-00347** |
| **Plaintiff** | Action: **Preliminary Injunction** |
| **v.** | |
| **USVI Board of Elections et al,** | |
| **Defendant.** | |

# NOTICE of ENTRY
## of
## ORDER

**To:** Brooke Mallory Rutherford  Christopher M. Timmons, Sr.

**Please take notice that on November 12, 2024**
**a(n)** MEMORANDUM OPINION AND ORDER
**dated** November 8, 2024 **was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:** November 12, 2024

Tamara Charles
**Clerk of the Court**

By:

**Sioned Hernandez**
**Court Clerk II**